May it please the court, counsel, I am Jay Wigman, an assistant appellate defender with the Office of the State Appellate Defender, counsel for defendant appellant Casale Brown, who asserts that the trial court erred when it accepted and entered the jury's verdict of guilty of second-degree murder, where the jury also found that the defendant was not guilty of first-degree murder, which finding, according to the Illinois Supreme Court in Pupil v. Parker, precludes a finding that the defendant is guilty of second-degree murder. Because the defendant was found not guilty of first-degree murder, his conviction for murder must be reversed and his sentence vacated. Otherwise, a man who is found not guilty of first-degree murder will remain in prison for an offense that at its core requires that he be found guilty of first-degree murder. The facts of the case are relatively simple and straightforward as relates to this issue. The defendant was charged with first-degree knowing murder and also with felony murder, referred to in the jury instructions respectively as type A murder and type B murder, referring to felony murder. The jury was also instructed as to self-defense and was instructed as to second-degree murder related to an incorrect belief that self-defense was appropriate. Among other things, the jury was instructed primarily that it must stop its deliberations if it found the defendant not guilty of first-degree murder, that there were no further considerations as to guilt of first-degree murder or guilt of second-degree murder. The jury was also instructed that it was to sign only one verdict form, whether that be not guilty of first-degree murder, guilty of first-degree murder, or guilty of second-degree murder. Only one of the three. However, the jury signed two of the three. The jury signed not guilty of first-degree murder and guilty of second-degree murder. The court, more egregiously than that error, accepted both of those verdicts among the forms that were returned to the court. But the corollary has always been that a second-degree murder is considered only where a defendant is guilty of first-degree murder. In this instance, the error occurred and was plain and was a fundamental error that brings into this decision. The relationship between first-degree murder and second-degree murder is somewhat instructive here as to what happened and how this matter must be treated. This is not, second-degree murder is not a lesser included offense of first-degree murder. Sometimes it's referred to as first-degree murder plus or sometimes referred to as being a lesser mitigated offense. In this sense, all of the elements of first-degree are required to prove the elements of second-degree murder. Thus, when there is a verdict that says that the defendant is not guilty of first-degree murder, almost as a matter of reasonable doubt, the offense has not been proved, the elements have not been proved. For this reason, courts have required that the jury must first find the defendant guilty of first-degree murder before it can even consider second-degree murder. And that's in part why the instructions say if you find the defendant not guilty of first-degree murder, your deliberations, at least as to that charge, must cease. It's also notable that there is no verdict form for not guilty of second-degree murder. And this is because it has been held particularly in Parker that the not guilty of first-degree murder form unambiguously establishes the jury's intention to acquit on all charges. So in that circumstance, there are three forms here rather than four. There's not guilty of first-degree murder, guilty of first-degree murder, and guilty of second-degree murder. There is no not guilty of second-degree murder because once not guilty has been entered as to first-degree murder, there is no more question to explore. I would note that we do not claim that these offenses were in any way inconsistent with each other. I'm not arguing that the verdicts were inconsistent. The offenses, in fact, were remarkably consistent given that each element of first-degree murder has to be proved for second-degree murder to be proved or even to be considered. Generally within the case law where there is a concern about inconsistent verdicts, it refers to two verdicts of guilty in regard to different mental offenses, or I'm sorry, mental states. People versus Alamo, people versus Porter are examples of this. Here we have a not guilty of first-degree murder and a guilty of second-degree murder. It isn't a question of whether or not the verdicts were inconsistent. Rather, what the case law says is that the second-degree murder consideration and verdict are precluded because of the entry of the not guilty of first-degree murder. In this sense, what distinguishes this from cases in which inconsistent verdicts are at issue is the sequential requirement that first-degree murder must be considered. If first-degree murder is found, only then can the jury proceed to consider second-degree murder. Again, in this sense, the argument here is something akin to a reasonable doubt argument, a question as to whether all of the elements of the offense were proved. Because the defendant has already been tried and acquitted for first-degree murder, he cannot be charged with that again, cannot be tried for that again. And it is for that reason that we request the relief of vacatur of both the conviction and the sentence in this cause. Thank you. May it please the Court, Counsel. I'd first like to address the forfeiture issue. In this case, the defendant did not object when the jury verdicts were read, nor did he include the issue in his post-trial motion. I believe that he has forfeited the issue on appeal. But for the second reason, I give two reasons in my brief. One was the first one. The second reason is more important. The defendant stood silently while the verdicts were read, and nobody said anything in the courtroom. It was the consensus, I guess, that the defendant, both attorneys and the trial judge, believe what the jury did was convict the defendant of second-degree murder. The defendant was also sentenced for second-degree murder. It was only on appeal that this issue was raised. The defendant can't stand silently by if there's improper proceedings at the trial level, and then ask this Court to reverse his conviction based on the error, which he partially was involved with. But it's okay for the trial court and the prosecutor to stand silently by? Well, I think what happened was nobody realized what happened. But the problem here is the trial judge should have done, or the attorneys should have pointed out, was that the jury did not follow the instructions. The trial judge should have given the jury new instructions and told them to keep deliberating. That did not happen. That's why we're here today. So this Court has to decide whether the jury intended to acquit the defendant of second-degree murder, which, as the defense counsel states, they would have to acquit the defendant of second-degree murder. But the jury also did not find, well, they erred in signing two of the three verdict forms, but they also signed another verdict form, which they should not have signed regarding the 25-year add-on for firearm, using a firearm. I'll just read that to you because I think it's important here. We the jury find the allegation that during the commission of the offense of first-degree murder, either type A or type B, the defendant personally discharged a firearm that approximately caused death together to another person was proven. So did the jury intend to acquit the defendant of first-degree murder? You have to make some assumptions if that's the case. You have to assume that the jury believed that they were acquitting the defendant of first-degree murder, but yet they signed the second-degree murder verdict form also. Does that matter? I think it does matter because we don't know in what sequence they signed these verdicts. The only way the defense counsel's argument makes sense is if the jury followed the instructions and considered whether this was first-degree murder. If they signed that verdict first, then they should not have signed the second-degree murder verdict. The thrust of my question is, if there was a jury verdict form that was accepted by the court and entered into judgment and the defendant was sentenced not for first-degree murder but for the mistaken entry of second-degree murder, does that intention matter once all of that happens? Well, it does matter because everybody believed it was second-degree murder, and this court has to determine not only what the intention of the jury was, because I think that's important. You just can't look at a paper and say, oh, the jury signed this paper. It says not guilty of first-degree murder when that was not the jury's intent. If you look at all the instructions that they signed and what happened in the courtroom, everybody seemed to believe, because of this error, that he was found guilty of second-degree murder and that the jury mistakenly signed the not guilty of first-degree murder and the other verdict form regarding the firearm. Doesn't the court tell us that the judge, no matter what the jury does or what the defendant does and doesn't do, that it's the trial court that has the two verdict forms that are inconsistent with each other and they come back, that they have to send that jury back. And if they don't do that, then at a minimum there has to be a reversal and a remand for the trial. Correct. That is one of the forms of relief that I ask for. If you find that this was not forfeited by the defendant standing silently, let me go through the scenario. But doesn't Porter say that when the defendant doesn't say anything, even if they don't, it's not forfeited, that that is the trial judge's job, even if the defendant doesn't say anything? Correct. So if you do not find forfeiture, an alternative, I argue that you should reverse the defendant's conviction and remand for a new trial just on second-degree murder. How can he be found guilty of second-degree murder if he's been acquitted of first? That's the secular reasoning that we have here and that's the quandary we have that this court must decide. We don't know if he was found not guilty of first-degree murder. We have a paper that was signed. We don't know what the jury was thinking. He can be tried because the jury, in my opinion, and looking at all of the totality of the circumstances of what occurred at trial and what the jury did, that they did not believe that he was not guilty of first-degree murder. We don't know what they believed because they cite these erroneous verdict forms. I don't believe that double jeopardy comes into play here. The defense counsel cites the Tibbs v. Florida United States Supreme Court decision, but that's not much help here either. As I point out, this is a case of first impression. I don't believe that the jury intended that the defendant be found guilty of first-degree murder. Everybody believed it was the verdict of second-degree murder, and I don't believe double jeopardy prevents a second trial just on second-degree murder because if this court finds that all of the evidence is sufficient at trial, you can remand for a new trial on just second-degree murder. Mr. Leonard, if the defendant had not brought this appeal, would the state have been able to appeal the verdict? No, I don't believe they could appeal any verdict. And isn't that because double jeopardy would attach? No, because I think Supreme Court Rule 604A states what issues the state can appeal, and they cannot appeal a verdict. They can only appeal things like motions to suppress or motions that dismiss the indictment. So there's very limited things that the state can appeal under 604A. Once you have a verdict, the state is not able to appeal that verdict. Only the state can appeal the verdict. So my argument here is that you find that the defendant has forfeited the issue by standing silently because if you look at it, it would be brilliant for a defendant to not say anything at the trial level. I think nobody realized that there was a mistake, because at the trial level, if the defendant did speak up, then the trial judge could correct the error right there. If the defendant says nothing, it waits until it gets on appeal, and then he can argue, well, you found me not guilty of first-degree murder and second-degree murder. We're going to assume that you wanted to find me not guilty of first-degree murder, and because of that, you can't find me guilty of second-degree murder. Why would we make that assumption if we don't make it with regard to the court and the other attorney? I'm sorry? Why would we impute that negative motive to the defendant instead of just assuming that he, like everybody else, didn't see the mistake? You could also find that that was the case, but I believe that this court's duty is to the jury. I don't believe that it would be justice to let the defendant be found not guilty of second-degree murder due to a mistake by the jury. I believe that the proper remedy would be for this court to remand the cause for no trial just on the second-degree murder charge. I don't believe that double jeopardy would prevent that due to the comedy of errors we have by the jury signing three verdict forms when they were only supposed to sign one jury verdict form. I ask that you not follow the defendant's argument because the only way that argument works is if the jury followed the directions and considered first-degree murder first. And as we know, the jury did not follow the directions from the trial judge because of that. This is a case of first impression, and I ask that this court, if not find the defendant has forfeited the issue, remand the cause for a new trial just on the second-degree murder. Thank you, Mr. Leonard. Mr. Whitman for rebuttal. Thank you. May it please the court, I think I would start at the question or the argument by counsel that the jury's intention can't be discerned here. And I would readily admit that I don't know what it was the jury was thinking, but that can't be attacked. That is beyond our reach at this stage. The jury's deliberations, the process they used, the process they followed, the manner that they reached their decision is unassailable. It cannot be impeached by this court at this time. Nor do I think that it's necessary to know what it was the jury was thinking or what its intent was because the question here, and I believe this was your question, Justice McDade, is what is the effect of what the jury did? And the effect was they found him not guilty of first-degree murder. Because they found him not guilty of first-degree murder, he also cannot be found guilty of second-degree murder. And as a matter of justice, I think it's inappropriate for a man who is found not guilty of first-degree murder, the primary element of second-degree murder, to also then be convicted of second-degree murder. Now, whether or not this was a brilliant strategy by trial counsel, I think can be determined and rejected as an argument by the fact that counsel didn't raise this issue not just when it occurred, but upon reflection and after the verdicts were entered, counsel did not object in a post-trial motion. The truly brilliant strategy, had it been a strategic matter of counsel, would have been to sit silent, catch what apparently neither the court nor the prosecutor caught, and then at that point, now that double jeopardy attaches, say, hey, you can't find me guilty of second-degree murder. That would have been the brilliant strategy. The fact that that did not occur in this case suggests that, as counsel suggests, that this was something that was missed by And I wouldn't term it the jury's mistake. It was the trial court's mistake. It was the trial court's duty to only accept a verdict that was appropriate. And the trial court was empowered, as Justice O'Brien suggested, by the ability to challenge the jury at that time, require continued deliberations, and instruct the jury where necessary as to the mistake that had been made. It is the court's absolute duty to challenge or only accept those verdicts that are appropriately entered. And the verdict was not appropriately entered in this cause. As to whether or not forfeiture occurred in this case, in the briefs it was argued that there are two exceptions that apply here to a question as to whether or not there was forfeiture. The first is that, as I suggested, this is akin to a reasonable downed argument. And that is not something that is subject to forfeiture. The second is that this is plain error. This is a fundamental error that must be corrected by this court. And it would be an injustice for this court to remain silent to the errors that occurred in the trial court. And for that reason, the defendant requests that his conviction be reversed and his sentence vacated. You're not in favor of revamp. I am not in favor of revamp. No, I don't think that it's appropriate given, as Tibbs said, that where the question is whether the sufficiency of the evidence was present, then it again is akin to a double jeopardy situation. I don't see any other questions, so thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. But right now, we will brief recess for panel change. Please rise and stand for recess.